# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE T. GAMBLE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 17-303-LPS |
| | : | |
| MET-LIFE INSURANCE COMPANY, et al., | : | |
| | : | |
| Defendants. | : | |

Wayne T. Gamble, Wilmington, Delaware, Pro Se Plaintiff.

# **MEMORANDUM OPINION**

August 2, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Wayne T. Gamble ("Plaintiff") filed this action on March 22, 2017. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II. BACKGROUND

Named as defendants are Met-Life Insurance Company ("Met-Life"), the United States Post Office ("USPS"), Porter Chevrolet Company ("Porter"), Silverado Truck Company ("Silverado"), and Chrysler Car Company ("Chrysler"). Plaintiff alleges that from 2011 to the present, Met-Life committed a crime by switching paper in front of a forensic North and South federal agents who did nothing. Plaintiff alleges that Met-Life "took it to the Superior Court of Delaware and Social Security disability." While not clear, it appears that Plaintiff no longer receives Social Security disability.

Plaintiff alleges that Carla Jones, Army generals, Black Ops, the Navy, and Chrysler are trying to kill him. Plaintiff alleges that the Navy, Army, and North and South federal agents stole money from his accounts at the WSFS Bank and Citizen's Bank. Plaintiff alleges that everyone committed a crime and broke the law. He alleges that Porter, Silverado, and Chrysler helped Met-Life steal money from Citizen's bank and the federal agents said, "go ahead and steal it." (D.I. 2 at 6) Plaintiff alleges there was an illegal court proceeding and the USPS helped "them" by stopping his mail. Plaintiff seeks $899,000,000,000 and property.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which

1

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV. DISCUSSION

It seems that Plaintiff seeks to bring criminal charges against defendants, while at the same time seeking compensatory damages. To the extent that Plaintiff seeks to impose criminal liability upon Defendants, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*,

270 F. App'x 149, 150 (3d Cir. Mar. 17, 2008); *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

In addition, as pled, there is no legal basis for Plaintiff's claims. Indeed, the allegations are conclusory, and the Court's experience and common sense lead it to recognize that the Complaint does not state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. Therefore, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate Order follows.